IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:14CR377 |
| Plaintiff, ) | |
| ) | FINDINGS AND |
| vs. ) | RECOMMENDATION |
| ) | |
| IRVING OSWALDO SUASTEGUI-MEJIA, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Motion to Suppress filed by defendant Irving Oswaldo Suastegui-Mejia (Suastegui-Mejia) (Filing No. 27). Suastegui-Mejia is charged in the Indictment with the November 1, 2012, false use of a Social Security number (Count I) in violation of 42 U.S.C. § 408(a)(7)(B), false claim of U.S. citizenship for the purpose of engaging in unlawful employment (Count II) in violation of 18 U.S.C. § 1015(e), and using false identification documents (Count III) in violation of 18 U.S.C. § 1546(a). **See** Filing No. 15 - Indictment.

Suastegui-Mejia seeks to suppress evidence seized as a result of a search warrant issued by a United States Magistrate Judge for the District of Nebraska for Suastegui-Mejia's father's residence at 2613 Pierce Street, Omaha, Nebraska. **See** Filing No. 27 - Motion; Filing No. 31 - Brief. The warrant was executed on October 16, 2014, by federal law enforcement officers and numerous items were seized from the residence. Suastegui-Mejia asserts evidence should be suppressed since the search of Suastegui-Mejia's bedroom exceeded the scope of the search warrant.

The court held an evidentiary hearing on the motion on February 3, 2015. Suastegui-Mejia was present with his counsel Christopher J. Roth. The United States was represented by Assistant U.S. Attorney Frederick D. Franklin. The court heard the testimony of Special Agent Mark Lee (Agent Lee) of Homeland Security Investigations (HSI) and received into evidence the following exhibits: Search Warrant from Case No. 8:14MJ267 (Ex. 1); Attachment A to Search Warrant (Ex. 2); Attachment B to Search Warrant (Ex. 3); and Photographs from Residence at 2613 Pierce Street, Omaha, NE (Exs. 4-14). A Transcript (TR.) of the hearing was prepared and filed on February 7, 2015 (Filing No. 41).

**FINDINGS OF FACT**

Agent Lee testified HSI was investigating the production and sale of counterfeit identification documents (TR. 6). Throughout their case, agents received information that someone connected to 2613 Pierce Street in Omaha was producing and selling counterfeit identification documents (TR. 6). Agents conducted surveillance of 2613 Pierce Street and observed ten to twelve persons enter and exit the residence during the course of the investigation (TR. 7). One person whom the agents believed resided at the residence was Faustino Suastegui (TR. 7). From surveillance on multiple occasions, 2613 Pierce Street appeared to be a single family residence (TR. 8-9). On October 15, 2014, Special Agent Brian A. Dostal (Agent Dostal) with the Office of the Inspector General, Social Security Administration, applied for and received a federal search warrant for the premises of 2613 Pierce Street in Omaha, Nebraska (Ex. 1 - Search Warrant in 8:14MJ267). The search warrant authorized the search of the entire premises of 2613 Pierce Street as set forth in Attachment A (Ex. 2) and authorized a search for items (generally for documents and records and for implements and computers used to create and store such documents and records) set forth in Attachment B (Ex. 3).

On October 16, 2014, at approximately 6:45 a.m., agents executed the search warrant at 2613 Pierce Street (TR. 8). Agent Lee described the premises as a single-family residence which may have had, at one in the past, an apartment in the basement (TR. 8-9). Various photographs were admitted into evidence depicting the premises on the day of the execution of the search warrant (Exs. 4-14). One photograph depicted a back entrance in the basement area which was blocked by various debris on the outside stairway (TR. 19; Ex. 10). The stairs from the main floor into the basement came to a landing leading off to other areas of the basement (TR. 18). One area was a kitchen type area without various appliances (TR. 19, 33-34; Ex. 10). Another area described as a living room area had a desk with a computer and documents atop the table which were visible as the officers came down the stairs (TR. 15-16). A printer and laminator were in the corner of the room (TR. 15). There were two bedrooms in the basement where documents were located in the name of the defendant (TR. 22-23). When the officers entered the residence, the defendant was located in the basement bathroom and was escorted upstairs (TR. 31-32).

## LEGAL ANALYSIS

Defendant asserts the officers went beyond the scope of the search warrant in searching the separate apartment in the basement (TR. 34). Before the defendant can be heard to object to the search, he must establish standing or an expectation of privacy in the place to be searched. To claim Fourth Amendment protection, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable. **See *Minnesota v. Carter***, 525 U.S. 83, 88 (1998); ***United States v. Douglas***, 744 F.3d 1065, 1069 (8th Cir. 2014). The reasonableness of the expectation of privacy must have "a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." ***Rakas v. Illinois***, 439 U.S. 128, 143-44 n.12 (1978); **see also *United States v. Jones***, 132 S. Ct. 945, 951 (2012). "If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched he has no standing to claim that they were searched or seized illegally." ***Douglas***, 744 F.3d at 1071 (**quoting** ***United States v. Barragan***, 379 F.3d 524, 529-30 (8th Cir. 2004)).

The Eighth Circuit has recognized that:

> The Supreme Court has enunciated a two part test to determine whether a person has a legitimate expectation of privacy in the place searched or the object seized. A court must determine: (1) whether the petitioner has asserted a subjective expectation of privacy, and (2) whether the petitioner's subjective expectation is objectively reasonable.

***United States v. Stallings***, 28 F.3d 58, 60 (8th Cir. 1994) (internal citations omitted); **see also *United States v. Mathias***, 721 F.3d 952, 957 (8th Cir. 2013). Fourth Amendment rights "are personal and may not be vicariously asserted." ***United States v. Skoda***, 705 F.3d 834, 837 (8th Cir. 2013). Therefore, the court "must first determine whether [the defendant] had a legitimate expectation of privacy in the area searched or the item seized." ***United States v. Gomez***, 16 F.3d 254, 256 (8th Cir. 1994). The Eighth Circuit has explained:

> Factors relevant to the determination of standing include: ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

*Id.*; **see also *United States v. Green***, 275 F.3d 694, 699 (8th Cir. 2001).

The defendant was given ample opportunity to establish he had standing to object to the search of the basement area (TR. 34-36). Other than the fact the defendant was found in the basement bathroom at the time of the execution of the search warrant and subsequently escorted upstairs, the defendant presented no evidence he was entitled to an expectation of privacy in the basement area. One who is merely present, even with the consent of the householder, may not claim the protection of the Fourth Amendment. ***Carter***, 525 U.S. at 90. There was no evidence presented that the defendant claimed any interest in the area searched. The court finds the defendant lacks standing to object to the search of the basement area.

Assuming, *arguendo*, the defendant has standing to object, the search warrant issued extended to the entire premises at 2613 Pierce Street. It was from this address that false documents were being produced and sold as was set forth in the affidavit for the search warrant. There was no indication on the outside or the inside of the premises that there were separate residences at the address. In ***United States v. Darr***, 661 F.3d 375 (8th Cir. 2011), the court held the searching officers did not exceed the scope of the search warrant in searching a son's bedroom when the search warrant authorized the search of the entire premises for the items listed in the search warrant.

The defendant's motion to suppress is without merit.

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP that:**

Suastegui-Mejia's Motion to Suppress (Filing No. 27) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 9th day of March, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge